IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLA SANELLI, )<br>          Plaintiff, )<br>)<br>v. )<br>)<br>FARMERS INSURANCE COMPANY, INC., )<br>et al., )<br>)<br>          Defendants. ) | Case No. CIV-23-263-SLP |

**O R D E R**

Before the Court is Plaintiff's Motion to Remand [Doc. No. 8]. Defendant has filed a Response [Doc. No. 10] and the matter is at issue. For the reasons that follow, Plaintiff's Motion is GRANTED.

**I.    Introduction**

Plaintiff initiated this action in the District Court of Cleveland County, State of Oklahoma. *See* Pet. [Doc. No. 1-1]. She brings claims against Defendants Farmers Insurance Company, Inc. (Farmers); MTW Pools, LLC (MTW Pools); Roy Robbins Backhoe & Trucking Serv., Inc. (RRB); Richard and Pamela Ward (the Wards); and Theo and Ana Hoekstra (the Hoekstras). Plaintiff's claims arise from the Wards' construction of a backyard swimming pool. Plaintiff alleges she suffered damage to her residential home and personal property as a result of this construction. The Wards hired Defendant MTW Pools to install the pool. MTW Pools, in turn, hired Defendant RRB as a subcontractor to provide excavation and construction work. The Hoekstras reside on property adjacent to the Wards and are alleged to have negligently maintained an

irrigation system on their property. The irrigation system caused water to run off the Hoekstras' property and onto the Wards' property. Due to the alleged negligent construction of the Wards' pool, the water ran through the Wards' property and onto Plaintiff's property. As a result, Plaintiff suffered significant property damage.

At the time of these alleged events, Plaintiff had a homeowners insurance policy with Farmers. Plaintiff submitted a claim for the damages incurred as a result of the above-described incidents. Farmers denied Plaintiff's claim.

Plaintiff brings the following claims for relief: Count I – Private Nuisance (Against Ward Defendants); Count II – Negligence (Against All Defendants Except Farmers); Count III – Breach of Contract (Against Farmers) and Count IV Bad Faith (Against Farmers).

Farmers removed this action to federal court on the basis of diversity-of-citizenship jurisdiction. Farmers acknowledges that it is the only defendant with a citizenship diverse from that of Plaintiff. But Farmers contends removal is proper under the doctrines of fraudulent joinder and/or fraudulent misjoinder. *See* Notice of Removal [Doc. No. 1].

Plaintiff moves to remand this action to state court. Plaintiff argues that no grounds exist for asserting fraudulent joinder. And Plaintiff further argues the doctrine of fraudulent misjoinder has not been recognized by the Tenth Circuit. Alternatively, Plaintiff argues even if the doctrine of fraudulent misjoinder were to apply, it would not necessitate a remand in this case.

## II. Governing Standard

Federal courts are courts of limited jurisdiction, and the party seeking to invoke federal jurisdiction bears the burden of proving the exercise of such jurisdiction is proper. *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 946–47 (10th Cir. 2014). A defendant may remove a civil action from state court to federal court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction based on diversity exists where no plaintiff and no defendant are citizens of the same state and the amount in controversy exceeds $75,000 (exclusive of interest and costs). *See* 28 U.S.C. §§ 1332(a), 1441(b)(1); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

## III. Discussion

As stated, Farmers moves for a remand on two different theories: (1) fraudulent joinder; and (2) fraudulent misjoinder. The Court addresses Farmers' argument with respect to each of these theories and concludes that Farmers has failed to meet its burden to show the citizenship of the non-diverse co-defendants should be disregarded.

### A. Fraudulent Joinder

If a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction, such fraudulent joinder does not prevent removal. In such cases, the fraudulently joined defendant is ignored for the purpose of assessing complete diversity. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citing *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967)); *see also Brazell v. Waite*, 525 F. App'x 878, 881

(10th Cir. 2013) ("When [fraudulent joinder] occurs, the district court disregards the fraudulently joined non-diverse party for removal purposes.").

The removing defendant faces a heavy burden of proving fraudulent joinder and all factual and legal issues are resolved in the plaintiff's favor. *Dutcher*, 733 F.3d at 988. To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant in state court. *Id.*

Farmers relies on the first prong of the test and contends under this prong, the inquiry is whether joinder was done "without good faith." *See* Notice of Removal at 13-14 (citing *Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). According to Farmers, "the claims against Co-Defendants are completely separate and distinct from the claims against [Farmers], both temporally and as to the nature of the legal theories asserted." *Id.* at 14.

But Farmers' "good faith" analysis is incorrect. To establish actual fraud in the pleading of jurisdictional facts, "basically requires a showing that plaintiff lied in the pleadings." *City of Santa Fe v. Travelers Cas. & Sur. Co.*, No. 6:07-CV-00571-BB-RHS, 2007 WL 9729170, at *2, n.4 (D.N.M. Oct. 19, 2007); *see also Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (noting that where the defendant did not dispute the plaintiff's residence, actual fraud was not at issue).

Here, Farmers fails to raise any challenge to the jurisdictional facts as pled. Farmers submits no argument, much less evidence, that either Plaintiff or the co-defendants are not residents of the State of Oklahoma. Thus, Farmers has not established

4

a basis for remand under the first prong of the fraudulent joinder test. Similarly, Farmers fails to demonstrate Plaintiff's inability to state a cause of action against the co-defendants. Indeed, Farmers does not make any argument with respect to the second prong of the fraudulent joinder test. Accordingly, Farmers fails to meet its burden to establish fraudulent joinder as a basis to allow this Court to exercise diversity jurisdiction.

## B. Fraudulent Misjoinder

Farmers primarily frames the propriety of removal of this case under the doctrine of fraudulent misjoinder, also referred to as procedural misjoinder. Fraudulent misjoinder arises under Rule 20 of the Federal Rules of Civil Procedure. Rule 20 permits multiple defendants to be joined in an action if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B).

"'In jurisdictions that recognize the doctrine, fraudulent "misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action.'" *Ramirez v. San Miguel Hosp. Corp.*, 591 F. Supp. 3d 1028, 1035–36 (D.N.M. 2022) (quoting E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 Harv. J.L. & Pub. Pol'y 569, 572 (2006)). The doctrine was first recognized by the Eleventh Circuit in *Tapscott v. MS Dealer Serv.*

*Corp*., 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc*., 204 F.3d 1069 (11th Cir. 2000). The Eleventh Circuit cautioned, however, that "mere misjoinder" does not rise to the level of fraudulent joinder; instead, the joinder of the unrelated defendants must be "so egregious as to constitute fraudulent joinder." *Id.* at 1360.

As addressed by Plaintiff in moving for remand, the Tenth Circuit has not expressly adopted the doctrine of fraudulent misjoinder. *See Parson v. Johnson & Johnson*, 749 F.3d 879, 893 (10th Cir. 2014) (declining to review existence of diversity jurisdiction because "consideration of this issue would require us to determine whether to recognize the doctrine of 'fraudulent misjoinder' . . . a rule that the defendants admit has not been adopted within this circuit"); *Lafalier v. State Farm Fire & Cas. Co*., 391 F. App'x 732, 736 (10th Cir. 2010) ("There may be many good reasons to adopt procedural misjoinder, as the Insurers argue. But we need not decide that issue today . . ."). Indeed, numerous district courts within the Tenth Circuit have declined to apply the doctrine for this reason. *See, e.g., Ramirez*, 591 F. Supp. 3d at 1036–37; *Nichols v. Medtronic, Inc*., No. CIV-20-326-F, 2020 WL 3050770 at *3 (W.D. Okla. June 8, 2020) (citation omitted); *Regent Preparatory Sch. of Okla. v. Travelers Prop. Cas. Co. of Am.*, No. 20-CV-0512-CVE-FHM, 2020 WL 6121161, at *3 (N.D. Okla. Oct. 16, 2020) (collecting cases); *but see Boyd v. Blue Cross & Blue Shield of Okla.*, No. CIV-21-0690-HE, 2022 WL 19239775, at *1 (W.D. Okla. Mar. 9, 2022) ("Although the Tenth Circuit has not explicitly adopted the doctrine of procedural misjoinder, it has recognized it as a potential

6

theory, and the court continues to be of the view that the doctrine should be recognized and applied in a proper case.").[1]

Moreover, district courts have pointed to the fact that even when the doctrine has been adopted, it has not been uniformly applied. *See, e.g., Greer v. State Farm Fire & Cas. Co.*, No. CIV-19-378-PRW, 2019 WL 2578087, at *1 (W.D. Okla. June 24, 2019), n. 7 (W.D. Okla. June 24, 2019) (collecting cases); *see also Halliburton v. Johnson & Johnson*, 983 F. Supp. 2d 1355, 1359 (W.D. Okla. 2013) (declining to adopt doctrine and recognizing that district courts addressing fraudulent misjoinder have reached divergent conclusions on whether and how to apply the doctrine). For example, some courts, following the Eleventh Circuit in *Tapscott*, require a showing that the joinder of multiple defendants is based on "egregious misconduct." *See, e.g,. Nichols*, 2020 WL 3050770 at *4 (finding, in the alternative, that the joinder of claims against diverse and non-diverse defendants did not rise to the egregious level required by *Tapscott*). Other courts require a showing that the claims asserted against the non-diverse defendants are "totally unrelated" to the claims asserted against the diverse defendant. *See, e.g, Ramirez*, 591 F. Supp. 3d at 1036 n. 5 (declining to adopt doctrine of fraudulent misjoinder, but "agree[ing] that [under the doctrine] the issue is whether the claims are 'totally unrelated'" (citation omitted)). And at least one district court has applied the doctrine only where the non-diverse defendant is a forum defendant. *See Flores-Duenas v.*

---

[1] As recently noted by the Eighth Circuit, the fraudulent misjoinder doctrine has been adopted only by the Eleventh Circuit. *See Williams v. Homeland Ins. Co. of New York*, 18 F.4th 806, 814-15 (5th Cir. 2021) (declining to adopt doctrine).

7

*Briones*, No. CIV 13-0660 JB/CG, 2013 WL 6503537 (D.N.M. Dec. 1, 2013); *see also Ramirez*, 591 F. Supp. 3d at 1037 (acknowledging that in *Flores-Duenas*, "the Court adopted a narrow part of the procedural misjoinder analysis and expressly limited its application to cases where the allegedly procedurally misjoined nondiverse defendant is also a citizen of the state in which the plaintiff brought the state action").

Without any controlling precedent as to the adoption of the doctrine of fraudulent misjoinder, including the parameters of the doctrine and the applicable governing standard, the Court declines to apply it. In the alternative, even if the Court were to recognize the doctrine, application of the doctrine would not require a remand in this case.

Here, Plaintiff has joined in a single action all defendants who may be liable for damage to her property. Plaintiff's insurance claim directly arose from this damage to her property. Thus, Plaintiff has a reasonable procedural basis to join Defendants in a single action. Other courts have reached the same conclusion under analogous circumstances. *See, e.g., Greer*, 2019 WL 2578087, at *2 (doctrine of fraudulent misjoinder did not apply where plaintiff brought negligence claim against driver who drove his car into plaintiff's property and brought breach of contract and bad faith claim against insurer in handling of insurance claim for such property damage: plaintiff would likely use same facts to prove causation element of negligence claim and validity of his insurance claim to prove breach of contract and bad faith claims against insurer thus making permissive joinder proper); *see also, Regent Preparatory Sch. of Okla.*, 2020 WL 6121161 at *3 (finding doctrine of fraudulent misjoinder did not apply where the

plaintiff's claims arose from storm-related damage to a commercial property for which one or more defendants were liable – whether as insurer, insurance broker or builder).[2] Accordingly, Farmers has not shown fraudulent misjoinder has occurred and, consequently, Farmers has not met its burden of establishing federal subject matter jurisdiction exists.[3]

---

[2] Farmers attempts to distinguish *Greer* arguing that "the evidence Plaintiff procures while prosecuting her claims against the [co-defendants] will have no bearing on her claims against [Farmers] because the insurance policy at issue does not cover water damage." Resp. at 10. But this is a conclusory and unsupported assertion. And Farmers reliance on *Bunnell v. Okla. MH Properties*, LP, No. CIV-12-372-R, 2012 WL 12863916 (W.D. Okla. May 11, 2012) is misplaced. In *Bunnell*, the plaintiff brought claims against two diverse defendants based upon their denial or partial denial of the plaintiff's claim on a mobile home insurance policy for property damage allegedly caused by a tornado. The plaintiff also brought a negligence per se claim against the non-diverse defendants based upon the failure of one or more of these defendants to provide storm shelters to mobile home park residents as required by a municipal ordinance. The Court deemed these claims "wholly distinct." *Id.* at * 1. "While both sets of claims arise out of the same occurrence in the sense that but for the tornado, neither set of claims would have arisen, there are no questions of law or fact common to all Defendants that will arise in the action." *Id.* As the Court further explained: "[t]hat a tornado occurred on the day in question is a documented fact. No question of fact common to all Defendants arises just because the claim against the Oklahoma Defendants and the claims against the movants would not have arisen but for the tornado." *Id.* Here, conversely, Plaintiff's insurance claim is based on property damage resulting from the alleged negligence of one or more co-defendants. As in *Greer*, common questions of fact exist as to causation and scope of damages.

[3] As to Farmers' request to sever the co-defendants under Rule 21 of the Federal Rules of Civil Procedure, the request is cursorily raised and divorced from any jurisdictional analysis. *See* Resp. at 7-8. The issue, therefore, is inadequately developed. In any event, "[c]ourts have frowned on the use of Rule 21 to create federal subject matter jurisdiction." *Nichols*, 2020 WL 3050770 at *4 (citing cases and declining to use Rule 21 to create diversity jurisdiction); *see also Nyman v. Mid-Century Ins. Co.*, No. 1:22-CV-120-TS-CMR, 2022 WL 17323080 at *2 (D. Utah Nov. 29, 2022) (finding the plaintiff's claims were not so unrelated as to warrant application of fraudulent misjoinder and further declining to "use Rule 21 as a means to create subject matter jurisdiction where it did not otherwise exist at the time of removal"). Accordingly, the Court declines to sever the co-defendants under Rule 21.

9

## IV. Attorney's Fees

Plaintiff asks the Court to award attorney's fees pursuant to 28 U.S.C. § 1447(c). The Court denies the request. The law in the Tenth Circuit as to the doctrine of fraudulent misjoinder is unsettled. And the Court otherwise finds Defendant did not raise any unreasonable arguments. *See Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) ("[T]he standard for awarding fees should turn on the reasonableness of the removal." (citation and internal quotation marks omitted)).

## V. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. No. 8] is GRANTED but Plaintiff's request for attorney's fees is DENIED. The Clerk of Court is directed to take all actions necessary to effect the remand.

IT IS SO ORDERED this 2nd day of June, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE